

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sdma.com*

August 22, 2011

*Via Regular Mail and ECF*
Hon. Frederic Block, U.S.D.J.
United States District Court For The
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  Ingravallo v. Hartford
     10-cv-5150(FB)(JO)
     File No.: 02489-000104

Dear Judge Block:

      We represent the Defendant, Hartford Life and Accident Insurance Company ("Hartford") sued herein as Administrator of the Delta Airlines, Inc. Long Term Disability Group Policy, with regard to the above-referenced action. In accord with Magistrate Judge James Orenstein's Order dated March 17, 2011 (Docket No.: 14) and this Court's Individual Motion Practices, we respectfully request leave to move for judgment for the Defendant via summary trial on a stipulated administrative record. *See O'Hara v. National Union Fire Insurance Company of Pittsburgh*, __F.3d__, 2011 WL14054448, at *5 (2d. Cir. 2011); *see also Burke* v. *PricewaterhouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546, 548 (S.D.N.Y. 2008) *aff'd,* 572 F.3d 76, 78 (2d Cir. 2009).[1] Hartford is entitled to a judgment dismissing the Plaintiff, Diana Ingravallo's ("Ingravallo"), ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) action which seeks benefits under her employer's employee welfare benefit plan because Hartford's adverse benefit determination on her LTD benefit claim was reasonable, based on substantial evidence, and not arbitrary and capricious.

### I.   *Statement of Facts*

      Ingravallo left her job as an "Air Import Coordinator" with BDP International ("BDP") on May 20, 2005, claiming to be disabled as a result of an alleged exacerbation of symptoms caused by Multiple Sclerosis ("MS"). At that time, Ingravallo was enrolled in a long-term disability ("LTD") plan sponsored by BDP (the "Plan"), which is governed by ERISA and for which Hartford was the insurer and claims administrator. On June 9, 2005, after her last day of work, Ingravallo applied for short term disability ("STD") benefits. Hartford approved her claim and paid STD benefits through September 7, 2005. Ingravallo then applied for LTD benefits, claiming to be disabled due to alleged exacerbations of certain symptoms caused by MS. Hartford initially approved Ingravallo's claim through April 30, 2009. However, Hartford determined that as of April 30, 2009, Ingravallo was functionally able to perform the Material and Substantial Duties of her own occupation as those terms are defined under the governing ERISA Plan. Prior to making this determination,

---

[1] The Second Circuit has found that in certain circumstances, it is appropriate for district courts to treat a motion for judgment on the administrative record as a bench trial on the parties' submissions. *See Burke*, 537 F. Supp. 2d at 548 *aff'd,* 572 F.3d at 78. This process is also called a "summary trial" on a stipulated record, and is permissible if all parties consent to this process. *Id.* The parties in this case have agreed to proceed in this fashion. (*See* Joint Pre-Trial Order)(Docket No. 17).

Case 1:10-cv-05150-FB-JO   Document 20   Filed 08/22/11   Page 2 of 5 PageID #: 83

Hon. Frederic Block, U.S.D.J.
Ingravallo v. Hartford
10-cv-5150(FB)(JO)
August 22, 2011
Page 2

Hartford reviewed Ingravallo's medical records, surveillance footage obtained by Hartford's Special Investigations Unit ("SIU"), an SIU interview with Ingravallo, a functional assessment and an independent medical record peer review consultant's report, all of which supported Hartford's conclusion that Ingravallo no longer met the Plan's definition of disability. Ingravallo pursued an administrative appeal and on its appeal review, Hartford obtained a new independent medical record peer review consultant's report in which the physician consultant opined that Ingravallo was capable of performing her own occupation in a full time capacity. Hartford reviewed all of the records in Ingravallo's claim file, determined that its initial decision was proper and thus, upheld that determination on appeal.

## II. Procedural History

Ingravallo's complaint asserts a claim for wrongful denial of benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and seeks an award of allegedly past due benefits as well as a declaratory judgment stating that Ingravallo is entitled to continuing disability benefits.

## III. Merits of the Defendant's Arguments

A. *Judgment Dismissing Ingravallo's ERISA §502(a)(1)(B) cause of action should be granted.*

i. *Standard of Review*

The Supreme Court has held that "a denial of benefits challenged under [ERISA] must be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989); *see Metropolitan Life Ins. Co.* v. *Glenn*, 128 S.Ct. 2343, 2347-48 (2008). When a claims administrator is given discretion to determine eligibility, however, the court shall review its decision with a strong measure of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82-83(2d Cir. 2009); *see also Conkright* v. *Frommert*, 130 S.Ct. 1640, 1649, 1651 (2010). Here, the BDP Plan explicitly grants Hartford discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the Plan. Therefore, Hartford's decision to deny Ingravallo's claim for continuing LTD benefits may only be overturned if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler* v. *First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999). "'Substantial evidence' is 'such evidence that a reasonable mind must accept as adequate to support the conclusion reached by the [decision-maker and] requires more than a scintilla of evidence but less than a preponderance.'" *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995); *see also, Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 141 (E.D.N.Y. 2009) *aff'd* WL 3393758.

Ingravallo alleges in her complaint, with no basis whatsoever, that Hartford was influenced by a conflict of interest and that, the Court must therefore review this matter under a *de novo* standard of review. This is an erroneous statement of controlling law in this circuit. The "existence of a conflict of interest does not alter the [arbitrary and capricious] standard of review." *McCauley v. First Unum Life Ins. Co .*, 551 F.3d 126, 133 (2d Cir. 2008). Rather, a court must take such a conflict into account and "weigh [it] as a factor in determining whether there was an abuse of discretion." citing *Glenn*, 554 U.S. at 115-18. Accordingly, this matter must be reviewed under the arbitrary and capricious standard of review regardless of whether the Court determines that Hartford's structural conflict of interest affected its determination of Ingravallo's claim.

ii. *Hartford's Denial of Ingravallo's Claim for Continuing LTD Benefits Was not Arbitrary and Capricious*

Hartford's adverse benefit determination was based on several items of substantial evidence in the

Hon. Frederic Block, U.S.D.J.
Ingravallo v. Hartford
10-cv-5150(FB)(JO)
August 22, 2011
Page 3

administrative record. Prior to its initial benefit denial, Hartford reviewed all of Ingravallo's medical records, a job description provided by her employer, an Occupational Analysis, her SIU file, and the surveillance footage obtained by SIU, and determined that further opinions from her treating physicians were necessary to determine Ingravallo's functionality. Accordingly, Hartford sent the SIU surveillance footage, the SIU interview, and Ingravallo's disability statement to her treating physicians for an opinion regarding her functional capacity. Dr. Andreas H. Neophytides was the only one of Ingravallo's treating physicians to respond and provided an opinion regarding her functional capacity. Although, Dr. Neophytides opined that Ingravallo was functionally incapable of performing the duties of her regular occupation, this was not based on her functional capacity during the relevant period of review. In fact, Dr. Neophytides conceded that Ingravallo's condition was "presently quiescent." Thus, Ingravallo's own treating physician essentially admitted that she was not disabled during the relevant review period. After receiving Dr. Neophytide's opinion and the up to date medical records from her office, Hartford determined that an additional medical opinion was necessary to clarify/update Ingravallo's current functional abilities. Accordingly, independent medical record peer review physician Dr. Bruce R. LeForce, a board certified neurologist, reviewed Ingravallo's medical records and determined that she was physically capable of full time work at a sedentary capacity level. In support of his opinion, Dr. LeForce referred to Ingravallo's most recent neurological examination, which showed that her cognitive function was normal, her cranial nerve examination was also normal, her motor examination demonstrated normal strength and tone, that her gait was found to be minimally spastic, and her reflexes were normal.

Hartford's decision to uphold its original determination on appeal was also reasonable and based on substantial evidence. Hartford Senior Appeal Specialist, Marsha L. Macko, reviewed all of the information received during Hartford's initial consideration of Ingravallo's claim. In addition, Ms. Macko reviewed all of the additional documentation submitted by Ingravallo on appeal. Based on the arguments set forth in Ingravallo's appeal letter and to further clarify her functional capacity, Hartford also requested that RRS, an independent review organization, retain another independent medical record peer review physician to review all of Ingravallo's medical record and to provide an opinion concerning her functionality. Dr. Arousiak Varpetian, board certified in Neurology and Internal Medicine, reviewed all of Ingravallo's records and opined that she was physically able to perform sedentary work. Upon the receipt of this report, Ms. Macko reviewed all of the records received at the initial and appeal review stages as well as the medical peer review physician's report and included that the initial determinations should be upheld.

Given the foregoing, the administrative record demonstrates that Hartford based its determination at both the initial review and appeal review levels on substantial evidence and thus, its determination was not arbitrary and capricious. As such, judgment should be granted dismissing Ingravallo's complaint.

B. *Ingravallo's Claim for Attorney's Fees is Premature*

Ingravallo also requests attorney's fees incurred in the prosecution of this lawsuit under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1). The U.S. Supreme Court recently decided *Hardt* v. *Reliance*, No. 09-448, ruling that a litigant must have "achieved 'some degree of success on the merits'" in order to be eligible for a fee award. *Id.* at *1. In this case, it is possible that either party could still achieve "some degree of success on the merits," which would entitle them to legal fees. Therefore, the question of whether any party is entitled to attorney's fees at this point is premature.

For the foregoing reasons, we respectfully request that this Court permit the Defendants to move for judgment on summary trial on a stipulated administrative record dismissing Ingravallo's complaint in its entirety.

Hon. Frederic Block, U.S.D.J.
Ingravallo v. Hartford
10-cv-5150(FB)(JO)
August 22, 2011
Page 4

Respectfully submitted,

s/
Michael H. Bernstein
Sedgwick LLP

MHB

cc:
*Via Regular Mail and ECF*

Carl E. Person, Esq. (CP 7637)
325 W. 45th Street – Suite 201
New York, New York 10036-3803
T:  (212) 307-4444
F:  (212) 307-0247

Marc Whitehead, Esq.
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.
5300 Memorial Drive
Suite 725
Houston, Texas 77007

NY/750176v2

## CERTIFICATE OF SERVICE

I, MATTHEW P. MAZZOLA, hereby certify and affirm that a true and correct copy of the attached **LETTER REQUESTING A PRE-MOTION CONFERENCE** was served via regular mail and ECF on August 22, 2011, upon the following:

Carl E. Person, Esq. (CP 7637)
325 W. 45th Street – Suite 201
New York, New York 10036-3803
T:  (212) 307-4444
F:  (212) 307-0247

Marc Whitehead, Esq.
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.
5300 Memorial Drive
Suite 725
Houston, Texas 77007

s/_____
Matthew P. Mazzola (MM-7427)