UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DIANA INGRAVALLO,                           Civ. Act. No.: 10-cv-05150(FB)(JO)

                Plaintiff,

-against-

HARTFORD LIFE AND ACCIDENT        **MEMORANDUM OF LAW IN**
INSURANCE COMPANY, As Administrator of    **SUPPORT OF MOTION FOR**
the Delta Airlines, Inc. Long Term Disability      **ATTORNEY'S FEES**
Plan,

                                               **DOCUMENT**
                      Defendant.     **ELECTRONCIALLY FILED**

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

     COMES NOW, Plaintiff, Diana Ingravallo, by and through her attorney of record, Marc Whitehead, hereby submits to the Court her Memorandum of Law in Support of Motion For Attorney's Fees. This memorandum is based on the invoices in this matter, the Affidavit and other documents filed herewith, the arguments of counsel, and on such laws and facts as are appropriate and applicable.

     After full briefing by the parties, a favorable decision was made in this ERISA matter by this Honorable Court on March 29, 2013, designating Plaintiff as the prevailing party and noting that Plaintiff may request attorney's fees. [Dkt. 45]

     Plaintiff in her briefing requested attorney's fees under Section 29 U.S.C. § 1132 (g)(1). Plaintiff now submits to this Honorable Court this timely motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2).

### I.     Terms of Agreement

Ms. Ingravallo signed a Contract of Employment and agreed that in the event of a recovery in her matter, counsel would be due "1/3 of all monies and property collected on behalf of client, plus reimbursement of case expenses," and in the event that the "benefit payer reinstates Client to benefits" Ms. Ingravallo would pay attorney 1/3 of future benefits for a term not to exceed Fifteen (15) Years." Alternatively, the contract for employment allows for "statutory attorney's fees awarded by the Court." The terms of services for which this claim is made is attached as Exhibit "A."

### II.    Contract Value of The Hartford Disability Plan

If Ms. Ingravallo were to receive all past benefits due and full future benefits to age 65, the total present value of her disability policy would be approximately $247,922.25. (Exhibit "B"). In the event of a lump sum payment of this amount, attorneys would receive one third or approximately $82,558.10. This amount is in line with the amount of attorney's fees requested.

### III.   Counsel's Investment of Time and Money in the Case

The amount of time and money Plaintiff's Counsel has expended on a contingency basis in this litigation was substantial.  Lead counsel for Ms. Ingravallo, Marc Whitehead, has many years of expertise necessary to prosecute a case of this complexity. Mr. Whitehead's curriculum vitae is attached. (Exhibit "C")

### IV.    Application of the Lodestar Method

In defending Ms. Diana Ingravallo, Plaintiff incurred at least $82,906.56 in fees and costs of $554.03 billed by all retained counsel. This amount is established by

Plaintiff's concurrently-submitted invoice (Exhibit "D") and is affirmed by affidavit of Mr. Whitehead.  (Exhibit "E")

Plaintiff has provided detailed documentation of the legal services performed and the costs incurred in connection with this suit, as well as the identification of the attorneys who performed the work, by billing statements and affidavit of lead counsel. This documentation informs the Court of the type of work performed, the number of hours worked, and the identity of the individuals who performed the work as well as their hourly billing rates.

Under the simple lodestar analysis, the rates charged by Ms. Ingravallo's counsel were reasonable.  In light of the difficulty of the issues litigated, the amount at stake, the results achieved, the experience of the billing attorneys and the relevant geographical areas in which the legal services were rendered, the conclusion is that all charges were warranted. *See, e.g., Genworth Life and Health Ins. Co. v. Beverly*, 547 F. Supp. 2d 186, 189 (N.D.N.Y.2008).   All the factors considered weigh in favor of the reasonableness of the fees Plaintiff now seeks.

In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee".  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F. 3d 110, 117-18(2d Cir. 2007), amended on other grounds, 552 F.3d 182 (2nd Cir. 2008).  The "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by reasonable number of expended hours". *Finkel v. Omega Commc'n Servs., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Arbor Hill*, 522 F.3d at 190.  As summarized by the Second Circuit, the *Johnson* factors relevant to a court's consideration are:

3

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing Johnson, 488 F.2d at 717-19).

A reasonable hourly rate is "the rate a paying client would be willing to pay," which a court should determine "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. In addition, in assessing an attorney's reasonable hourly rate, a court is also required to adhere to what is referred to as the "forum rule". Pursuant to the "forum rule," the Second Circuit has instructed that courts should use the "prevailing [hourly rate[ in the community" in determining the reasonable hourly rate. Id. (citing *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). For the purposes of calculating the reasonably hourly rate under the forum rule, the relevant "community" is "the district where the district court sits". Id. (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2nd Cir. 1983)); *see also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2nd Cir. 1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115-16 (2d Cir. 1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated).

Furthermore, as the Second Circuit noted in *Arbor Hill* "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate". *Arbor Hill*, 522 F.3d at 184 n.2.

WHEREFORE, premises considered, Plaintiff requests that this Honorable Court grant this Motion for Attorney's Fees.

Dated: Houston, Texas

May 1, 2013

Respectfully submitted,

/s/ Marc S. Whitehead_____
Marc Whitehead
*Plaintiff's Counsel Admitted Pro Hac Vice:*
Marc Whitehead, Esq.
MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas 77007
T: (713) 228-8888
F: (713) 225-0940
Email: marc@marcwhitehead.com

## **CERTIFICATE OF SERVICE**

I, Marc S. Whitehead, hereby certify that on this 1st day of May, 2013, I electronically filed the foregoing document with the clerk of the court for the U. S. District Court; Eastern District of New York, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept that Notice as service of this document by electronic means:

| | |
|---|---|
| Carl E. Person | Matthew P. Mazzola |
| Law Practice of Carl E. Person | Michael H. Bernstein |
| 325 West 45th Street | Sedgwick, LLP |
| Suite 201 | 125 Broad St., 39th Floor |
| New York, New York 10036 | New York, New York 10004 |
| Attorney for Plaintiff | Attorney for Defendant |

/s/ Marc S. Whitehead_____
Marc Whitehead
Attorney for Plaintiff